IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] ] ] |
| Plaintiff, | ] ] |
| v. | ] Civil Action No. CV99-C-2455-S |
| INTERIM EXECUTIVE RECRUITING, | ] ] |
| Defendant. | ] ] ] |

FILED
AUG -7 PM
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 7 2000

## CONSENT DECREE

The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. (the "ADEA") guarantees workers that they will be free from employment discrimination on the basis of age.

On September 14, 1999, the Equal Employment Opportunity Commission ("EEOC") filed suit in this Court against Interim Executive Recruiting, a division of Interim Atlantic Enterprises L.L.C. ("Interim"). The EEOC's Complaint alleges that Interim discriminated against Michael R. Franklin, then age 42, by failing to hire him in violation of the ADEA. Interim has duly answered the EEOC's allegations denying that it discriminated against Michael R. Franklin.

The Equal Employment Opportunity Commission and Interim being aware of the risks, uncertainties and costs of continued litigation are now desirous of resolving the aforesaid lawsuit

1

through this Consent Decree, which also resolves the Charge of Discrimination filed by Michael R. Franklin numbered 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.

The Court being fully advised of the premises doth Order, Adjudge and Decree as follows:

## II. SPECIFIC PROVISIONS

A. This Court has full jurisdiction to decide this controversy as to the EEOC and Interim. This Court will retain jurisdiction for the next three (3) months so that any dispute arising out of the administration of this Decree can be resolved.

B. Nothing herein shall be deemed to be an admission by Interim that it has at any time, place or in any manner whatsoever, violated the Age Discrimination in Employment Act (the ADEA).

C. This Decree, being entered into with the consent of the EEOC and Interim, shall not constitute an adjudication or finding on the merits of the case.

D. The issues resolved by this Decree are those which were alleged in the Charge of Discrimination numbered 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 and those which were raised in the above styled Complaint.

E. As monetary consideration for settlement of the claim of Michael R. Franklin in this lawsuit, Interim will pay Michael R. Franklin $23,750.00 in back pay, less applicable taxes and withholding deductions, and $23,750.00 in liquidated damages.

Michael R. Franklin will be required as a condition of receipt of any monetary payment to sign the Release attached hereto as Exhibit "A." Pursuant to 29 U.S.C. Section 626(f)(2), Michael R. Franklin will be given 21 days from receipt of the Release to consider the Release

before signing. Should he decide that he does not choose to sign the Release, the Court will place this case back on the trial docket.

The checks will be made payable to Michael R. Franklin and will be forwarded to him by certified mail within eleven (11) days after Interim receives the original of the signed Release referred to above. Within thirty (30) days after Interim receives the original signed Release, 1) a copy of the checks and 2) documentation of issuance and receipt of the checks will be mailed to Mason D. Barrett, Senior Trial Attorney, EEOC, Birmingham District Office, 1900 Third Avenue North, Suite 300, Birmingham, Alabama 35203.

F. Interim shall not engage in any unlawful retaliation in any manner against Michael R. Franklin or any person who participated in the investigation of the Charge of Discrimination underlying this lawsuit.

G. Interim shall not discriminate against any employee on the basis of age.

H. Interim shall within sixty (60) days of the date of this Decree and at least one year thereafter provide training on age discrimination for at least a one hour session to its management employees and all employees who have responsibility concerning hiring at its Birmingham, Alabama facility. Interim shall use qualified persons to conduct the training. Interim may use, but is not required to use, training conducted by the EEOC under its Employer Specific Training program. The employees who attend the training sessions will be required to sign an attendance roster. Interim shall send a copy of said roster(s) and an outline of the training course to Mason D. Barrett, Senior Trial Attorney, 1900 Third Avenue North, Suite 300, Birmingham, Alabama 35203, within 30 days of each session.

I. Interim shall immediately post the Notice attached hereto as "Exhibit B" in a prominent and conspicuous place visible to all employees at its Birmingham, Alabama location.

J. Interim has a zero tolerance policy concerning age discrimination. Interim will redistribute this policy to its Birmingham, Alabama employees within 60 days of the signing of this Consent Decree.

K. Each party shall be responsible for its own attorney's fees and costs of court.

Done this 7th day of August, 2000.

_____
UNITED STATES DISTRICT JUDGE

**BY CONSENT:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

C. Gregory Stewart
General Counsel

Gwendolyn Young Reams
Associate General Counsel

1801 L Street, N.W.
Washington, DC 20507

_____
**Jill Lolley Vincent**
Regional Attorney (Acting)

_____
**Mason D. Barrett**
Senior Trial Attorney

Birmingham District Office
1900 Third Avenue North, Suite 300
Birmingham, Alabama 35203-3511
Telephone: (205) 731-1039

4

**INTERIM EXECUTIVE RECRUITING, A DIVISION OF INTERIM ATLANTIC ENTERPRISES L.L.C.**

_____
Julie S. Zucht, Esq.
BAKER & MACKENZIE
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8240

_____
David W. Proctor, Esq.
JOHNSTON, BARTON, PROCTOR AND POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
(205) 458-9438

## RELEASE

I, Michael R. Franklin, for and in consideration of the promise by Interim Executive Recruiting, a division of Interim Atlantic Enterprises, L.L.C., to pay to me the sum of $23,7500.00 in back pay, less applicable taxes and withholding deductions, and $23,750.00 in liquidated damages, agree to the following:

I, Michael R. Franklin, hereby release and forever discharge Interim Executive Recruiting, a division of Interim Atlantic Enterprises, L.L.C., its employees, agents, directors, officer, successors, associate and affiliates and each of them, from any and all Age Discrimination in Employment Act ("ADEA") claims asserted in Equal Employment Opportunity Commission Charge No. 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 and Civil Action No. CV-99-C-2455-S, and hereby release any attorney's fees arising from these claims.

I understand that no monies for any other claims, including attorney's fees, will be paid to me other than the $23,750.00 in back pay and the $23,750.00 in liquidated damages.

I am not waiving any rights or claims that may arise after the date that this Release is executed.

I understand that Interim Executive Recruiting, a division of Interim Atlantic Enterprises, L.L.C., has not admitted liability to me or to anyone else by the payment recited herein.

I have been advised to consult with an attorney before signing this Release.

I have been given at least twenty-one days to consider this Release.

This document and the Consent Decree filed in this lawsuit recite the full and complete terms of this agreed Release given by myself, Michael R. Franklin, to Interim Executive Recruiting, a division of Interim Atlantic Enterprises, L.L.C.

_Michael R. Franklin_
**Michael R. Franklin**

Sworn and subscribed before me this _23rd_ day of _June_, 2000.

_[signature]_
**NOTARY PUBLIC**

_2-26-2004_
**MY COMMISSION EXPIRES**

**EXHIBIT A**

# N O T I C E

## AS REQUIRED UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

Interim Executive Recruiting in settlement of ***Equal Employment Opportunity Commission v. Interim Executive Recruiting***, Civil Action No. CV-99-C-2455-S agrees to the following:

1. Federal law requires that there be no discrimination against any employee or applicant for employment, because of such person's age.

2. Interim Executive Recruiting supports and will comply with such federal laws in all respects and will not discriminate against any employee because of the person's age.

3. Interim Executive Recruiting affirms that it is unlawful for an employer to discriminate against an employee based on age. It further affirms that it is unlawful for an employer to in any manner retaliate against any individual who opposes or assists one in opposing age discrimination.

Signed this _____ day of _____, 2000.

_____
Interim Executive Recruiting, A Division of Interim
Atlantic Enterprises L.L.C.

**EXHIBIT B**